IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CV-102-D

| | | |
|---|---|---|
| RANDOLPH L. HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED PARCEL SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Randolph L. Hunter ("plaintiff") filed a Title VII complaint against his former employer, defendant United Parcel Service, Inc. ("UPS"). UPS employed plaintiff from April 29, 1981, until June 12, 2002, in Fayetteville and Hope Mills, North Carolina. Am. Compl. ¶¶ 5(B), 10. Plaintiff alleges discrimination based on race and disability with respect to promotion, termination, and retaliation. Id. ¶¶ 4, 6, 8. UPS filed a motion to dismiss the amended complaint as untimely.

To challenge an alleged unlawful employment practice under Title VII in federal court, a plaintiff must first file a timely charge with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(e)(1). Under Title VII, plaintiff had to file an EEOC charge within 180 days after the unlawful employment practice. Id.; see Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002); Williams v. Giant Food Inc., 370 F.3d 423, 428-29 (4th Cir. 2004). "[I]f the employee does not submit a timely EEOC charge, the employee may not challenge that practice in court." Ledbetter v. Goodyear Tire & Rubber Co., 127 S. Ct. 2162, 2166-67 (2007) (citing 42 U.S.C. § 2000e-5(f)(1)); Morgan, 536 U.S. at 122.

Plaintiff claims that the alleged discrimination occurred on or about June 2002. Am. Compl. ¶ 8. However, he states he did not file a charge with the EEOC regarding UPS's alleged

discriminatory conduct until January 3, 2007. Id. ¶ 11. Plaintiff attached an EEOC notice-of-right-to-sue-letter to his original complaint. Compl., Attach. The notice, dated January 22, 2007, indicates that the EEOC closed its file on plaintiff's charge because it was not timely filed. Id. Thus, liberally construed, the complaint and amended complaint demonstrate that plaintiff failed to file a timely EEOC charge. Accordingly, the amended complaint is time-barred and the action is dismissed. See 42 U.S.C. § 2000e-5(f)(1).

UPS's motion to dismiss is GRANTED. UPS filed a motion to strike exhibits to plaintiff's response to defendant's motion to dismiss. The court has reviewed plaintiff's exhibits, which are mostly irrelevant and in any event do not tend to show that plaintiff timely filed his EEOC charge. Thus, the motion to strike is DENIED.

SO ORDERED. This 28 day of September 2007.

JAMES C. DEVER III
United States District Judge